IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**BENJAMIN ROSS DOWNEY,**

    Plaintiff,

v.                                  Civil Action No. **3:08CV199**

**GENE JOHNSON, et al.,**

    Defendants.

### MEMORANDUM OPINION

Benjamin Ross Downey, a Virginia inmate, brings this action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> **I. Preliminary Review**
>
> The Court must dismiss any action filed by a prisoner if the Court determines the action is "malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).
>
> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most

favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. Nevertheless, the Court does not "'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." Conley, 355 U.S. at 45-46. In Bell Atlantic Corp., however, the Supreme Court abandoned that notion and explained that, although the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). The Supreme Court made clear that, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. at 1965 (citation omitted), to one that is "plausible on its face," id. at 1974, rather than "conceivable." Id. Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

2

## II. Allegations and Analysis

Upon entering Virginia Department of Corrections ("VDOC") in 1988, Plaintiff was informed that he was ineligible for parole pursuant to section 53.1-151.B1 of the Code of Virginia.[1] See Downey v. Angelone, No. Civ.A. 3:02cv324, 2002 WL 32443534, at *4 (E.D. Va. Oct. 28, 2002). Plaintiff contends that Defendants Gene Johnson, Helen Fahey, and James Sisk have violated his constitutional rights by applying this statute to him.

This Court repeatedly has rejected essentially identical claims by Plaintiff that his constitutional rights were violated by the determination that he was ineligible for parole under the above statute. See Downey v. Fahey, Civil Action No. 3:05cv546 (E.D. Va. Feb. 27, 2007); Downey, 2002 WL 32443534, at *4; Downey v. Angelone, Civil Action No. 3:97CV239 (E.D. Va. June 16, 1998). Therefore, Plaintiff's current complaint, which merely repeats previously litigated claims, is abusive and malicious and subject to dismissal under 28 U.S.C. § 1915(e)(2). See Downey, 2002 WL 32443534, at *4 (citing Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992)).

Furthermore, under the pertinent statute of limitations, "Plaintiff had two years from when he learned that he was ineligible for parole . . . to file any claims pertaining to the determination that he was ineligible for parole." Liverman v. Johnson, No. 3:07cv344, 2008 WL 2397544, at *2 (E.D. Va. June 12, 2008) (citing Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261-62 (11th Cir. 2003). "Each occasion thereafter that the Parole Board or the Defendants adhered to that parole ineligibility determination does not constitute separate and distinct injury that warrants separate statute of limitations calculations." Id. (citing Brown, 335 F.3d at 1261-62). Plaintiff's current complaint was filed more than two years after he learned that he was ineligible for parole. Hence, the action is barred by the statute of limitations. Nothing in the record suggests any proper basis to toll the limitations

---

[1] "Any person convicted of three separate felony offenses of (i) murder, (ii) rape or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subdivisions (i), (ii) or (iii) when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole." Va. Code. Ann. 53.1-151.B1 (Michie 1988).

3

period. Accordingly, it is RECOMMENDED that the action be DISMISSED.

(Oct. 29, 2008 Report and Recommendation.) The Court advised Downey that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Downey filed an amended complaint.

## CONCLUSION

The amended complaint is largely identical to the original complaint. The Magistrate Judge's analysis applies with equal force to the amended complaint. Accordingly, the Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Downey.

An appropriate Order will issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: January 19, 2009
Richmond, Virginia

4